### 22106

Bruce TAYLOR, as Greenwood County Tax Assessor, and Greenwood County, Respondents, v. Jimmie DAVENPORT, as Newberry County Tax Assessor; Newberry County; Bobby L. Sanders, as Laurens County Tax Assessor; Laurens County, Appellants, Robert C. Wasson, John H. LaFitte, Jr., and Charles N. Plowden, as Commissioners of the South Carolina Tax Commission, Appellants-Respondents.

(316 S. E. (2d) 389)

Supreme Court

*T. Travis Medlock, Atty. Gen., Daniel R. McLeod, Retired Atty. Gen., Joe L. Allen, Jr., Deputy Atty. Gen.,* and *Ray N. Stevens, Asst. Atty. Gen.,* for *South Carolina Tax Comm'n.*

*Gary T. Pope* of *Pope & Hudgens,* Newberry, S. C., *for Jimmie Davenport and Newberry County.*

*Howard L. Burns* and *J. Michael Jordan* of *Burns, McDonald, Bradford, Erwin & Patrick,* Greenwood, S. C.; *G. P. Callison* of *Callison, Dorn & Thomason,* Greenwood, S. C.; and *Eugene C. Griffith* of *Griffith, Mays, Foster & Kittrell,* Newberry, S. C., *for Bruce Taylor and Greenwood County.*

May 15, 1984.

HARWELL, Justice:

This appeal involves the ad valorem property taxation by the appellants Newberry and Laurens Counties of property owned by respondent Greenwood County. The Tax Commission found that the dam and hydroelectric plant at Buzzard's Roost, but not the bed of Lake Greenwood, were taxable by the Counties. The trial court held that none of the properties were taxable. We affirm.

Courts have the authority under our scope of review to reverse an agency determination if it violates a constitutional provision or is clearly erroneous in view of the substantial evidence on the whole record. *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981). We conclude that

the Tax Commission finding violates Article X, § 3 of the South Carolina Constitution.

Article X, § 3, as amended, states: "There shall be exempt from ad valorem taxation: (a) all property of . . . counties . . . if the property is used exclusively for public purposes." Therefore, the issue in the case at bar is whether the property owned by Greenwood County is used exclusively for public purposes and is thus exempt from ad valorem taxation.

## FACTUAL BACKGROUND

Greenwood County constructed Lake Greenwood and the Buzzard's Roost dam and hydroelectric plant pursuant to Act No. 236 (1933). The lake was formed by the Saluda River and lies in Newberry, Laurens, and Greenwood Counties. The dam spans the river from Greenwood County to Newberry County, and the hydroelectric plant is located in Newberry County.

Until 1966, Greenwood County operated the entire project, and electricity produced by the project was sold by the County to the public. No ad valorem taxes were assessed on the property. On June 29, 1966, pursuant to a favorable referendum and Act No. 1293 (1966), Greenwood County sold its rural electric distribution system and transmission lines to Duke Power Company.

Contemporaneously, Greenwood County leased to Duke its hydroelectric powerhouse, the adjacent concrete spillway and the dam at Buzzard's Roost. The Tax Commission and the Circuit Court found that the lake bed was not leased to Duke Power. This determination is supported by substantial evidence.

The manager of Power Supply in Duke's Operating Department testified that the power produced at Lake Greenwood is put into Duke's grid system. However, he also testified that, before Duke leased the plant, the county project was connected with the Duke system. Duke power now services the same customers as the county served.

## ANALYSIS

We recently applied Article X, § 3(a) to leases of government-owned property to private businesses which operated for profit. In *Charleston County Aviation Authority v. Wasson*, 277 S. C. 480, 289 S. E. (2d) 416 (1982), the Court held that leases to airlines, car rental companies, restaurant and

parking lot operators, and cargo and taxi companies did not cause the property to lose its tax-exempt status. The fact that private companies made a profit incidental to providing the public service did not negate the public purpose use of the property.

In *State v. City of Columbia,* 115 S. C. 108, 104 S. E. 337 (1920), the Court found the Columbia City Hall to be tax-exempt in spite of the lease of the theater to private persons. The Court concluded that leasing was an expedient way of carrying out the public purpose even though the private lessee earned some revenue.

Although exemptions to taxation are ordinarily narrowly construed, they are given a liberal construction when a governmental entity owns the property being taxed. *Charleston County Aviation Authority, supra.* We are of the opinion that the property owned by Greenwood County and leased to Duke Power is used for a public purpose and that the profit made by the company·is incidental to the public use.

This Court earlier agreed with the legislative determination that production of electricity by this Greenwood County facility fulfils a proper public purpose. *Park v. Greenwood County,* 174 S. C. 35, 176 S. E. 870 (1934). The county still uses the property for the public purposes of recreation and providing a municipal raw water supply. The production and sale of electricity has become essential to the public health, safety, welfare, and security. *See Anderson v. Baehr,* 265 S. C. 153, 217 S. E. (2d) 43 (1975). The fact that Duke Power, rather than the county, operates the project and makes a profit does not affect the property's use. We hold the entire project exempt from ad valorem property taxation.

Affirmed.

LITTLEJOHN, C. J., NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.