660 S.E.2d 288

**Isiah JAMES, Jr., Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE, AND PARDON SERVICES (SCDPPPS), Respondent.**

No. 4365.

Court of Appeals of South Carolina.

Submitted Feb. 1, 2008.
Decided April 1, 2008.

---

**3.** We decide this case without oral argument pursuant to Rule 215, SCACR.

Isiah James, Jr., pro se.

J. Benjamin Aplin, of Columbia, for Respondent.

HEARN, C.J.

Isiah James, Jr. appeals the Administrative Law Court's (ALC) dismissal of his appeal for lack of subject matter jurisdiction. We affirm.

## FACTS

On June 18, 1979, James pled guilty to two counts of voluntary manslaughter and armed robbery. The trial judge sentenced him to two, thirty-year consecutive terms of imprisonment for each count of voluntary manslaughter, and a twenty-five-year consecutive term of imprisonment for armed robbery.

James first became eligible for parole in 1988, and the South Carolina Board of Probation, Parole and Pardon Services (Board) rejected his application. Over the years, the Board rejected James' parole several more times. In 2005, James filed a request for the Board to reconsider his most recent parole rejection. In this request for reconsideration, James asserted his due process rights were violated because only five of the seven board members were present for his hearing. The Board denied his request for rehearing, finding "the reasons stated in [James'] request did not affect the decision of the Parole Board." Thereafter, James appealed to the ALC, asserting once more that his due process rights were violated. The ALC dismissed his appeal due to a lack of subject matter jurisdiction. This appeal followed.

## STANDARD OF REVIEW

Section 1–23–610 of the South Carolina Code (Supp.2006) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency. "The review of the administrative law judge's order must be confined to the record." S.C.Code Ann. § 1–23–610(C) (Supp.2006). The court of appeals may reverse or modify the decision only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law. *Id.*

## LAW/ANALYSIS

James argues the ALC erred in dismissing his appeal on the grounds that it lacked subject matter jurisdiction. We agree that the ALC has subject matter jurisdiction over

all inmate grievances, but also affirm that James' appeal should have been dismissed.

Our supreme court recently offered clarification of *Al–Shabazz v. State*[1] and its progeny as to an ALC's subject matter jurisdiction in *Furtick v. South Carolina Department of Corrections*, 374 S.C. 334, 649 S.E.2d 35 (2007).[2] In *Furtick*, the court reemphasized its clarification of jurisdiction in *Slezak v. South Carolina Dept. of Corrections*, stating "the ALC has jurisdiction over **all** inmate grievance appeals that have been properly filed; the ALC however, is not required to hold a hearing in every matter." *Id.* at 340, 649 S.E.2d at 38 (emphasis in original) (explaining *Slezak v. South Carolina Dept. of Corrections*, 361 S.C. 327, 605 S.E.2d 506 (2004)). The court continues that the ALC could summarily dismiss any appeal where the inmate's grievance does not implicate a state-created liberty or property interest. *Id.*

Although the ALC had subject matter jurisdiction to hear James' claim, his appeal does not implicate a state created liberty or property interest and therefore dismissal was appropriate. In determining the existence of a liberty interest, "an inmate has the right of review by the [ALC] after the *final* decision that he is *ineligible* for parole, but ... a parole-eligible inmate does not have the same right of review after the decision denying parole ... This distinction stems from the fact that parole is a privilege, not a right." *Sullivan v. Dep't of Corrections*, 355 S.C. 437, 586 S.E.2d 124 n. 4 (2003) (emphasis in original). In the case before us, the Board denied James' parole, but did not permanently deny his eligibility; therefore his grievance does not implicate a liberty or property interest.

■ Moreover, the inquiry into whether an inmate is entitled to review of a parole board's final decision is based on whether the inmate "has a liberty interest in gaining access to the parole board." *Furtick v. S.C. Dep't of Probation, Parole & Pardon Services.*, 352 S.C. 594, 598, 576 S.E.2d 146, 149

1. *Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000).

2. We acknowledge that the ALC's Order of Dismissal was filed July 19, 2006, and was therefore decided without the benefit of *Furtick v. South Carolina Department of Corrections*, 374 S.C. 334, 649 S.E.2d 35 (2007).

(2003). As previously illustrated, James' appeal does not involve any liberty interest, and he consequently has no right to a review of the Board's decision.

■ James next asserts that because the Parole Board conducted its hearing with only five of the seven members present and voting, it denied him a right to a hearing altogether. We disagree.

James submitted this argument to the ALC on appeal, but the ALC's order did not address the issue in its order. Thereafter, James made no Rule 59(e), SCRCP, motion to alter or amend the proposed order, and under this court's general preservation rules, this argument would not be preserved for our review. *See Great Games, Inc. v. South Carolina Dep't of Revenue,* 339 S.C. 79, 529 S.E.2d 6 (2000) (stating where a party raises an issue, the trial court fails to rule upon the issue, and the party fails to raise the court's omission by way of a Rule 59 motion, the issue is not ruled upon and, therefore, not preserved on appeal). We note the issue of whether a Rule 59(e) motion is necessary, or even cognizable to an ALC is one that has not been decided in South Carolina. Pursuant to this court's request for certification, this precise issue is now pending before the South Carolina Supreme Court. Assuming without deciding that a Rule 59(e) motion is not necessary to an ALC in order to preserve an issue on appeal, and in the interests of judicial economy, we will address the merits of James' contention.

Chapter 21 of Title 24 of the South Carolina Code (2007) provides the statutory framework for the Board of Probation, Parole, and Pardon Services. However, Chapter 21 does not specify the exact number of board members that must be present for a parole hearing. The chairperson of the Parole Board may direct the board members to meet in three-person panels, and any unanimous vote of a panel is considered a final decision of the board. S.C.Code Ann. § 24–21–30(A) (2007). In order to grant parole of a violent crime as defined in Section 16–1–60, under which James' guilty pleas to voluntary manslaughter and armed robbery fall, a two-thirds majority vote of the full board is required. S.C.Code Ann. § 24–21–30(B) (2007); *See also* S.C.Code Ann. § 16–1–60 (2007). Conversely, the statute does not require a certain number of

board members to be present in order to deny parole for someone convicted of a violent crime.

■ "In the absence of any statutory or other controlling provision, the common-law rule that a majority of the whole board is necessary to constitute a quorum applies, and the board may do no valid act in the absence of a quorum." *Garris v. Governing Bd. of S.C. Reinsurance Facility*, 333 S.C. 432, 453, 511 S.E.2d 48, 59 (1998). Here, five members of the Board were present, and each voted to deny James' parole. A unanimous and majority decision was reached by a quorum in this hearing; thus James' contention is without merit.

## CONCLUSION

Although we agree the ALC has subject matter jurisdiction over all inmate grievances, no liberty interest was implicated in this case and James was not entitled to an appeal. Consequently, the ALC did not err in dismissing his case. The ALC's order is accordingly

**AFFIRMED.**[3]

PIEPER, J., and GOOLSBY, A.J., concur.

---

**3.** We decide this case without oral argument pursuant to Rule 215, SCACR.