714 S.E.2d 305

**CLARENDON COUNTY, South Carolina, through the CLARENDON COUNTY ASSESSOR, Respondent/Appellant,**

v.

**TYKAT, INC., Appellant/Respondent.**

**No. 27025.**

Supreme Court of South Carolina.

Heard May 25, 2011.

Decided Aug. 15, 2011.

Ian S. Ford, of Green Ford & Wallace, of Charleston, and William C. Coffey, Jr., and Ray E. Chandler, of Coffey Chandler Kent & McKenzie, P.A., of Manning, for Appellant/Respondent.

David W. Epperson, of Manning, and Michael E. Kozlarek and Walter H. Cartin, of Parker Poe Adams & Bernstein, LLP, of Columbia, for Respondent/Appellant.

Justice KITTREDGE.

This is a consolidated appeal from an ad valorem tax assessment. Tykat, Inc., appeals the Administrative Law Court's decision upholding Clarendon County's tax assessment on real property Tykat leased from the South Carolina Public Service Authority. Tykat contends the leased property was exempt from tax because the South Carolina Public Service Authority is constitutionally exempt from paying taxes and because Tykat's use of the property may be classified as a public purpose. Clarendon County (through its Assessor) cross-appeals the Administrative Law Court's denial of its request for attorneys' fees and costs. We affirm the order of the Administrative Law Court.

## I.

The Clarendon County Assessor presented Appellant/Respondent Tykat, Inc., with an ad valorem tax assessment notice covering three estates in real property. Two of the properties were held by Tykat in fee simple, and those properties are not in dispute. The third property was owned in fee simple by the South Carolina Public Service Authority ("Authority") and leased by Tykat for use as a campground. The value of this leasehold interest was included in the tax notice sent to Tykat. The leasehold interest is the subject of this appeal.

Tykat appealed the assessment to the Clarendon County Board of Assessment Appeals ("Board"), and the Board found the leasehold interest was not taxable. Clarendon County petitioned for a contested case hearing before the Administrative Law Court ("ALC"). Tykat moved to dismiss the petition. The parties then filed cross-motions for summary judgment. The ALC granted Clarendon County's motion and denied Tykat's motion, and Tykat now appeals. Because the ALC denied Clarendon County's request for attorneys' fees and costs, the county also appeals.

We consolidated the appeals and granted Clarendon County's motion to certify the matter to this Court pursuant to Rule 204(b), SCACR.

## II.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP.

### A.   Tykat Appeal

Article X, section 1 of the South Carolina Constitution permits the General Assembly to "provide for the ad valorem taxation by the State or any of its subdivisions of all real and

personal property." Article X, section 3 then provides, in relevant part:

There shall be exempt from ad valorem taxation:

(a) all property of the State, counties, municipalities, school districts and other political subdivisions, if the property is used exclusively for public purposes;

. . . .

The parties do not dispute that the South Carolina Public Service Authority is a tax-exempt political subdivision. Rather, they dispute whether article X, section 3 operates to exempt Tykat—a private, for-profit entity—from ad valorem taxation on property leased from the Authority. As explained by the American Law Reports:

Where land is leased to another, the original and traditional procedure . . . is to assess the entire value of the land to the owner of the reversion. Such an assessment covers the value of the leasehold, as well as the reversionary interest, the sum of the two being comprised in the value of a complete ownership of the land. But where the owner of the fee is exempt from taxation, that method cannot be followed, and the question arises whether the leasehold interest of the tenant may be taxed separately against him.

Maurice T. Brunner, Annotation, *Comment note: availability of tax exemption to property held on lease from exempt owner*, 54 A.L.R.3d 402 § 15, 513 (1973).

In South Carolina, this question has been answered by section 12–37–950 of the South Carolina Code (2000), which provides:

When any leasehold estate is conveyed for a definite term **by any grantor whose property is exempt from taxation to a grantee whose property is not exempt,** the leasehold estate shall be valued for property tax purposes as real estate.

(Emphasis added).

Despite the plain language of section 12–37–950, Tykat attempts to extrapolate a rule from our decisions in *South Carolina Public Service Authority v. Summers*, 282 S.C. 148, 318 S.E.2d 113 (1984), and *Charleston County Aviation Au-*

*thority v. Wasson,* 277 S.C. 480, 289 S.E.2d 416 (1982), that would extend the article X, section 3 tax exemption to lessees of property owned by a tax-exempt entity so long as the lessees use the property for a public purpose. We are constrained to reject this approach because the cases relied on by Tykat do not address the tax status of lessees and because the plain language of section 12–37–950 precludes the result Tykat desires.

The precedents relied upon by Tykat address whether a **tax-exempt owner in fee simple** retains its tax exemption when it leases real property to a private entity. These cases make no mention of a tax exemption for a lessee. See *Summers,* 282 S.C. at 150, 318 S.E.2d at 114 ("The Authority paid the taxes under protest and instituted this action to recover them...."); *Taylor v. Davenport,* 281 S.C. 497, 316 S.E.2d 389 (1984) (holding, in a dispute between Greenwood County and the counties of Newberry and Laurens, that property owned by Greenwood County and leased to a private entity was exempt from taxation); *Wasson,* 277 S.C. at 483, 289 S.E.2d at 418 ("The Authority, excepting to the assessor's determination, sought review ...."); cf. *Quirk v. Campbell,* 302 S.C. 148, 151–53, 394 S.E.2d 320, 322–23 (1990) (holding that, because a property was owned by Richland County and used for a public purpose, a fee in lieu of taxes agreement concerning the property did not violate constitutional provisions requiring uniformity in ad valorem tax rates).

By contrast, section 12–37–950 is directly on point. Section 12–37–950 unambiguously requires that Tykat's leasehold estate "be valued for property tax purposes as real estate," and it makes no mention of an exemption if the leasehold estate is used for a public purpose. Tykat has not argued section 12–37–950 runs afoul of article X, section 3. Accordingly, we are bound by the plain language of the statute. See *Wynn ex rel. Wynn v. Doe,* 255 S.C. 509, 512, 180 S.E.2d 95, 96 (1971) ("Where the language of [a] statute is plain and unambiguous ... the court has no right to look for or impose another meaning."). Thus, our holding is limited to Tykat's effort to apply the *Summers–Wasson* line of cases to lessees of real property where the grantor is exempt from taxation. Apply-

ing the plain language of section 12–37–950, we hold that Tykat's leasehold interest was not exempt from ad valorem taxation, regardless of whether Tykat used that interest for a public purpose.[1]

For these reasons, we affirm the order of the ALC as to the issues raised in Tykat's appeal.[2] We turn now to the appeal by the county.

## B. County Appeal

While the county concedes that Tykat's argument on appeal is not frivolous, it contends Tykat presented additional arguments that were frivolous, and therefore, the ALC erred in failing to award attorneys' fees and costs to the county under the Frivolous Civil Proceedings Sanctions Act, S.C.Code Ann. § 15–36–10 (2005 & Supp.2010). We disagree. The county focuses on certain of Tykat's arguments below and characterizes them as frivolous. We have reviewed the ALC's denial of an award of attorneys' fees and costs under the Frivolous Civil Proceedings Sanctions Act, and we affirm pursuant to Rule 220(b)(1), SCACR.

---

1. We note that pending legislation, if adopted, would alter the application of section 12–37–950. Specifically, Senate Bill 844, 119th Gen. Assemb., Reg. Sess. (S.C.2011), would amend South Carolina Code section 12–37–220 (2000 & Supp.2010) to provide that, "[n]otwithstanding the provisions of Section 12–37–950, a leasehold interest conveyed by the South Carolina Public Service Authority, regardless of the use made of the leasehold interest," is exempt from ad valorem taxation. This pending legislation does not alter the resolution of Tykat's appeal.

2. Tykat has argued in the alternative that summary judgment ·was premature and that additional discovery was needed. However, Tykat filed a cross-motion for summary judgment wherein it asserted there were no genuine issues of material fact in this case. Accordingly, Tykat cannot now be heard to assert that summary judgment was premature. In addition, the ALC did not rule on this issue, and Tykat did not file a Rule 59(e), SCRCP, motion seeking a ruling thereon. See *Home Medical Systems, Inc. v. S.C. Dep't of Revenue*, 382 S.C. 556, 562–63, 677 S.E.2d 582, 585–86 (2009) (finding issue preservation rules and Rule 59, SCRCP, were applicable to proceedings before the ALC); Rule 29(D), SCRALC (permitting a party to "move for reconsideration of a final decision of an administrative law judge ... to alter or amend the final decision, subject to the grounds for relief set forth in Rule 59, SCRCP").

## III.

We affirm the decision of the ALC. Based on the limited challenge raised by Tykat, its leasehold interest was subject to ad valorem taxation under the plain language of section 12–37–950. Thus, we are bound to apply the statute as written. Our *Summers–Wasson* line of cases does not alter this result. Further, we affirm the denial of Clarendon County's request for attorneys' fees and costs.

**AFFIRMED.**

PLEICONES, Acting Chief Justice, BEATTY, HEARN, JJ., and Acting Justice JAMES E. MOORE, concur.