**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Bernard Bagley, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2013-000042

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Unpublished Opinion No. 2014-UP-326
Submitted February 1, 2014 – Filed August 27, 2014

### REVERSED AND REMANDED

Bernard Bagley, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:**  Bernard Bagley appeals the order of the Administrative Law Court (ALC) affirming the denial of his parole.  Bagley argues (1) the ALC erred in failing to find the parole board was required to administer and consider a

validated individualized risk assessment according to sections 24-21-10(F)(1) and 24-21-5(2) of the South Carolina Code (Supp. 2013); (2) the parole board erred in failing to administer the individualized risk assessment and in failing to consider all factors required by South Carolina Department of Probation, Parole and Pardon Services (the Department) policy and section 24-21-640 of the South Carolina Code (2007 & Supp. 2013); (3) the ALC erred in failing to find the parole board's decision was arbitrary and capricious because it considered additional irrelevant factors during his parole hearing; (4) the ALC erred in failing to find the lack of a validated individualized risk assessment constituted a failure of substantial evidence, which the parole board was required to provide in denying his parole; (5) the parole board erred in denying his parole twice on the basis of two factors that he describes as "fixed" as of the date of his offense and unable to be changed by his conduct while incarcerated; (6) the ALC erred in failing to find the doctrine of res judicata barred the parole board's denial; (7) the ALC erred in failing to find the parole board's denial violated his right to equal protection under the law; and (8) the ALC erred in failing to find his parole hearing did not provide adequate due process. We reverse and remand.[1]

1. As to issues one, two, and four: we find the parole board properly considered all factors required by Department policy and section 24-21-640 of the South Carolina Code (2007 & Supp. 2013). However, we find section 24-21-10(F)(1) of the South Carolina Code (Supp. 2013) requires the parole board to evaluate an inmate's risk using the Department's adopted assessment tool in reaching a decision to grant or deny parole. *See* § 24-21-10(F)(1) ("The [D]epartment must develop a plan that includes the . . . establishment of a process for adopting a validated actuarial risk and needs assessment tool consistent with evidence-based practices and factors that contribute to criminal behavior, *which the parole board shall use in making parole decisions . . . .*" (emphasis added)). Because the ALC failed to make this finding, its order is affected by an error of law. We therefore reverse and remand to the parole board for a new parole hearing. The parole board is ordered to evaluate Bagley's risk using the Department's assessment tool and consider the results of the evaluation in reaching its decision regarding Bagley's parole.[2] *See James v. S.C.*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] In its filings, the Department notified this court that Bagley is currently scheduled to receive a new parole hearing within the next ninety days. Nothing in this opinion precludes the parole board from implementing the requirements of our decision at the upcoming proceeding, in lieu of holding a separate hearing pursuant

*Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 564, 566, 660 S.E.2d 288, 290 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code . . . sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); S.C. Code Ann. § 1-23-610(B) (2005 & Supp. 2013) ("The court of appeals . . . may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . affected by other error of law . . . . "); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 499, 661 S.E.2d 106, 112 (2008) (holding an inmate has a state-created liberty interest in requiring the parole board to adhere to statutory criteria in rendering a decision).[3]

---

to this decision.  Because we are reversing Bagley's 2012 denial of parole, we direct the parole board not to consider the 2012 denial as a prejudicial factor in reaching its decision at the upcoming proceeding or in future decisions.

[3] The Department argues that under section 1-23-600(D) of the South Carolina Code (Supp. 2013), the ALC did not have jurisdiction to hear Bagley's appeal.  *See* § 1-23-600(D) ("An administrative law judge shall not hear . . . an appeal involving the denial of parole to a potentially eligible inmate by the Department of Probation, Parole and Pardon Services.").  We disagree.  *See Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 630, 733 S.E.2d 211, 218 (2012) ("[A] matter is reviewable by the ALC where an inmate's appeal *also* implicates a state-created liberty or property interest . . . ."); *Cooper*, 377 S.C. at 499, 661 S.E.2d at 112 (holding an inmate has the right to require the parole board to adhere to statutory requirements in rendering a decision, and failure by the board to consider the requisite statutory criteria constitutes an infringement of a state-created liberty interest and warrants minimal due process procedures).  The Department also argues this case is moot because Bagley is scheduled for another parole hearing in October 2014 and any judgment in Bagley's favor would not have a practical effect because it would not be implemented until after the hearing.  *See Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy.").  We assume *arguendo* the Department is correct; however, we find this case is nonetheless reviewable as capable of repetition but evading review.  *See Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) ("[A] court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review." (internal quotation marks omitted)).

2.  As to issue three, we find the parole board acted within its discretion in considering additional factors beyond those specifically enumerated in its parole form.  We note the parole form allows the board to consider other factors it considers relevant to a particular case, and the enumeration of factors on the form is not intended to limit the discretion of the parole board.  We find no error here. *See* S.C. Code Ann. § 24-21-640 (2007 & Supp. 2013) (directing the parole board to establish criteria for the granting of parole).

3.  We find issues five through eight were not raised below; thus, they are not preserved for appellate review. *See Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration."); *Risher v. S.C. Dep't of Health & Envtl. Control*, 393 S.C. 198, 208, 712 S.E.2d 428, 433 (2011) (stating when the ALC does not rule on an issue, a party must file a post-hearing motion requesting a ruling on the issue in order to preserve it for appeal).

**REVERSED AND REMANDED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**