**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Robert F. Spigner, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2013-001380

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Unpublished Opinion No. 2015-UP-204
Submitted March 1, 2015 – Filed April 15, 2015
Withdrawn, Substituted and Refiled May 27, 2015

**AFFIRMED IN PART AND REVERSED IN PART**

Robert F. Spigner, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Robert F. Spigner appeals an order of the Administrative Law Court (ALC) affirming the denial of his parole. Spigner argues the ALC erred by

(1) failing to find the parole board violated section 24-21-10(F)(1) of the South Carolina Code (Supp. 2014) because it failed to use COMPAS,[1] the risk assessment tool adopted by the South Carolina Department of Probation, Parole and Pardon Services (the Department), in reaching his parole decision; (2) failing to find the parole board violated his due process rights by reaching his parole decision before interviewing him; and (3) failing to find the parole board considered improper criteria in reaching his parole decision. Spigner also argues the ALC did not impartially consider his case. We affirm in part, reverse in part, and remand.[2]

1. We find section 24-21-10(F)(1) requires the parole board to evaluate an inmate's risk using the Department's adopted assessment tool in reaching a decision to grant or deny parole. *See* § 24-21-10(F)(1) ("The [D]epartment must develop a plan that includes the . . . establishment of a process for adopting a validated actuarial risk and needs assessment tool consistent with evidence-based practices and factors that contribute to criminal behavior, *which the parole board shall use in making parole decisions . . . .*" (emphasis added)). Because the ALC failed to make this finding, its order is affected by an error of law. We therefore reverse as to this issue.[3] *See James v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 564, 566, 660 S.E.2d 288, 290 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code . . . sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); S.C. Code Ann. § 1-23-610(B)(d) (Supp. 2014) ("The court of appeals . . . may reverse or modify the [ALC's] decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . affected by other error of law . . . . "); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 499, 661 S.E.2d 106, 112 (2008) (holding an inmate

---

[1] COMPAS is an acronym for "Correctional Offender Management Profiling for Alternative Sanctions."

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

[3] In a petition for rehearing, the Department informed this court Spigner reappeared before the parole board on January 15, 2015. The Department stated Spigner was evaluated using COMPAS prior to the hearing and the parole board considered the evaluation in reaching its decision to deny his parole. As a result, we find it unnecessary to order a new parole hearing.

has a state-created liberty interest in requiring the parole board to adhere to statutory criteria in rendering a decision).[4]

2.  We find substantial evidence supports the ALC's finding the parole board did not reach a decision regarding Spigner's parole prior to his interview and hearing. *See* § 1-23-610(B) ("The court [of appeals] may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); § 1-23-610(B)(e) (holding this court may reverse or modify the ALC's finding of fact only if it affects a substantial right of the appellant and is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"). As a result, no due process violation occurred.

3.  We affirm the ALC's finding the parole board did not consider any improper criteria in reaching Spigner's parole decision. *See* S.C. Code Ann. § 24-21-640 (Supp. 2014) ("The [parole] board must carefully consider the record of the prisoner *before*, during, and after imprisonment . . . ." (emphasis added)); *id.* ("The [parole] board must establish written, specific criteria for the granting of parole and provisional parole. This criteria must reflect all of the aspects of this section and include a review of a prisoner's disciplinary and other records."); *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration."); *Clarendon Cnty. ex rel. Clarendon Cnty. Assessor v. TYKAT, Inc.*, 394 S.C. 21, 26 n.2, 714 S.E.2d 305, 308 n.2 (2011) (holding if the ALC fails to rule on an issue properly before it, a party must file a Rule 59(e), SCRCP, motion requesting such a ruling to preserve the issue on appeal).

---

[4] The Department argues that under section 1-23-600(D) of the South Carolina Code (Supp. 2014), the ALC did not have jurisdiction to hear Spigner's appeal. *See* § 1-23-600(D) ("An administrative law judge shall not hear . . . an appeal involving the denial of parole to a potentially eligible inmate by [the Department]."). We disagree. *See Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 630, 733 S.E.2d 211, 218 (2012) ("[A] matter is reviewable by the ALC where an inmate's appeal *also* implicates a state-created liberty or property interest . . . ."); *Cooper*, 377 S.C. at 499, 661 S.E.2d at 112 (holding an inmate has the right to require the parole board to adhere to statutory requirements in rendering a decision, and failure by the board to consider the requisite statutory criteria constitutes an infringement of a state-created liberty interest and warrants minimal due process procedures).

4.  We find no evidence of bias by the ALC in this case.  *See Conran v. Joe Jenkins Realty, Inc.*, 263 S.C. 332, 334, 210 S.E.2d 309, 310 (1974) ("The burden of proof is on the appellant to convince [an appellate court] that the lower court was in error."); *Mortg. Elec. Sys., Inc. v. White*, 384 S.C. 606, 616, 682 S.E.2d 498, 503 (Ct. App. 2009) ("It is not sufficient for a party . . . to simply allege bias; rather, the party must show some evidence of bias or prejudice." (internal quotation marks omitted)); *Mallett v. Mallett*, 323 S.C. 141, 147, 473 S.E.2d 804, 808 (Ct. App. 1996) ("The fact a [court] ultimately rules against a litigant is not proof of prejudice by the [court], even if it is later held the [court] committed error in [its] rulings.").

**AFFIRMED IN PART AND REVERSED IN PART.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**