**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bobby Ruff, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2014-000811

—————

Appeal from the Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

—————

Unpublished Opinion No. 2015-UP-309
Submitted May 1, 2015 – Filed June 24, 2015

—————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

—————

Bobby Ruff, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

—————

**PER CURIAM:** Bobby Ruff appeals an order of the Administrative Law Court (ALC) affirming the denial of his parole. Ruff argues (1) he was entitled to special

parole under section 24-21-700 of the South Carolina Code (2007); (2) the ALC erred in finding the Board of Probation, Parole and Pardon Services (the Parole Board) afforded him due process when the Parole Board denied him parole based on the immutable facts of his commitment offenses and also failed to consider a validated actuarial risk and needs assessment tool in reaching his parole decision, as required by section 24-21-10(F)(1) of the South Carolina Code (Supp. 2014); (3) the Parole Board should have "fixed" his base term for parole eligibility upon the service of twenty years' imprisonment rather than not "fixing his term until he is found suitable to the satisfaction of the [Parole Board]"; and (4) the Parole Board should have "fixed" his base term for parole eligibility upon the service of twenty years' imprisonment instead of imposing "a period of incarceration for the remainder of his natural life."[1]  We affirm in part, reverse in part, and remand.

1.  As to issue two, we find the Parole Board properly considered all factors required by South Carolina Department of Probation, Parole and Pardon Services (the Department) policy and section 24-21-640 of the South Carolina Code (Supp. 2014).  However, we find section 24-21-10(F)(1) requires the Parole Board to evaluate an inmate's risk using the Department's adopted assessment tool in reaching a decision to grant or deny parole.  *See* § 24-21-10(F)(1) ("The [D]epartment must develop a plan that includes the . . . establishment of a process for adopting a validated actuarial risk and needs assessment tool consistent with evidence-based practices and factors that contribute to criminal behavior, *which the* [P]arole [B]oard shall use in making parole decisions . . . ." (emphasis added)).  Because the ALC failed to make a finding that such an assessment tool was used, its order is affected by an error of law.  *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2014) ("The court of appeals . . . may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . affected by other error of law . . . ."); *James v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 564, 566, 660 S.E.2d 288, 290 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code [(2005 & Supp. 2014)] sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); *see also Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 499, 661 S.E.2d 106, 112 (2008) (holding an inmate has a state-created liberty interest in requiring the [P]arole [B]oard to adhere to statutory criteria in rendering a

---

[1] We address these issues in a different order than Ruff listed them in his statement of issues on appeal.

decision);. We therefore reverse as to this issue and remand to the Parole Board for a new parole hearing. The Parole Board is ordered to evaluate Ruff's risk using the Department's assessment tool and consider the results of the evaluation in reaching its decision regarding Ruff's parole.

2. As to issue one, we find Ruff was not entitled to special parole under section 24-21-700. *See* § 24-21-700 ("*Any prisoner who is otherwise eligible* for parole under the provisions of this article, except that his mental condition is deemed by the [Parole Board] to be such that he should not be released from confinement may, subject to approval by the Veterans Administration, be released to the custody of the Veterans Administration or to a committee appointed to commit such prisoner to a Veterans Administration Hospital. Such a special parole shall be granted *in the sole discretion of the Board . . . .*" (emphases added)).

3. We find issues three and four are not preserved for review. *See Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.