**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Williams, #086721, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2023-001050

————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

————

Unpublished Opinion No. 2024-UP-368
Submitted October 1, 2024 – Filed October 30, 2024

————

**AFFIRMED**

————

Charles Williams, pro se.

Matthew C. Buchanan and Jessica Elizabeth Kinard, both of the South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

————

**PER CURIAM:** Charles Williams appeals an order of the administrative law court (ALC) affirming an order of the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS) denying him parole. On appeal, Williams argues (1) SCDPPPS infringed on his state-created liberty interest in parole

because it considered the factors under section 24-21-640 of the South Carolina Code (Supp. 2023) and Department Form 1212 (Criteria for Parole Consideration), rather than the statute in effect at the time of his convictions in 1976; (2) the ALC had the authority to review his appeal because the parole board's application of the statutes violated the ban on ex post facto law and was unconstitutional as-applied to him; and (3) the ALC's summary dismissal of his appeal violated Rule 60(A) of the South Carolina Administrative Law Court Rules because he had a "fundamental right" to file a brief within ninety days of his appeal, but the ALC dismissed his appeal only twenty days after he filed it.  We affirm.

We hold the ALC did not err in summarily dismissing Williams's appeal because the parole board's order stated it considered all statutory and Departmental factors in making its decision.  *See Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) (stating that if the parole board's decision to deny parole is a "routine denial of parole," then the ALC's authority is limited to determining whether the board followed proper procedure (*abrogated on other grounds by Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 886 S.E.2d 671 (2023))); *id.* (stating a denial of parole is routine if the board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Carolina Code] and the fifteen factors published in its parole form"); *Compton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 385 S.C. 476, 479, 685 S.E.2d 175, 177 (2009) (holding an order that denied parole and stated that the SCDPPPS considered all statutory and Departmental criteria was sufficient to support a denial of parole); *Cooper*, 377 S.C. at 500, 661 S.E.2d at 112 ("[T]he [p]arole [b]oard may avoid [reversal] if it clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 and the fifteen factors published in its parole form. . . .  Under that scenario, the ALC can summarily dismiss the inmate's appeal.").

Furthermore, we hold the SCDPPPS did not infringe on Williams's state-created liberty interest in parole because it did not permanently deny him parole eligibility. *See James v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 377 S.C. 564, 567, 660 S.E.2d 288, 290 (Ct. App. 2008) (finding the routine denial of parole "does not implicate a liberty or property interest," in contrast to the denial of parole eligibility); *Allen*, 439 S.C. at 171, 886 S.E.2d at 674 ("A claim that implicates a state-created liberty or property interest is not required for the ALC to have subject matter jurisdiction over the appeal."); *id.* ("[T]he ALC . . . may summarily dismiss an inmate's grievance if it does not implicate a state-created liberty or property interest sufficient to trigger procedural due process guarantees.").

We decline to address Williams's remaining arguments because they were not preserved for review. *See Al-Shabazz v. State*, 338 S.C. 354, 379, 527 S.E.2d 742, 755 (2000) ("[I]ssues or arguments that were not raised to and ruled on by the [ALC] ordinarily are not preserved for review."); *James*, 377 S.C. at 568, 660 S.E.2d at 290 (holding because the issue was not ruled upon and no Rule 59(e), SCRCP, motion to alter or amend was filed, the argument was not preserved). Accordingly, we affirm the ALC's ruling.

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.